FILED

Feb 12 2024

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROBERT DEMOS,<br>Plaintiff,<br>v.<br>DONALD JOHN TRUMP,<br>Defendant. | Case No. 24-cv-00186-TSH<br><br>**ORDER OF TRANSFER** |

Plaintiff filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is incarcerated in Stafford Creek Corrections Center in Aberdeen, Washington.  Plaintiff brings suit against former United States president Donald John Trump, alleging that defendant Trump engaged in insurrection, rebellion, and treason on January 6, 2021,[1] when he actively supported the riots in Washington, D.C.  Plaintiff lists defendant Trump's residence as Mar-a-Lago, Florida.  *See generally* Dkt. No. 1.  Section 1391(b) of the United States Code, title 28, provides that venue for a civil action is proper in either the judicial district in which any defendant resides or in the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.  28 U.S.C. § 1391(b).  Neither Plaintiff nor Defendant reside in this district, and the relevant events did not occur in this district.  Defendant Trump resides in Palm Beach County, which is located in the Southern District of Florida.  *See* 28 U.S.C. § 89(c).  The relevant events took place in Washington, D.C., which is located in the District of Columbia.  *See* 28 U.S.C. § 88.  Venue therefore properly lies in either the Southern District of Florida or the District of Columbia.

---

[1] Plaintiff refers to the riots as happening in 2020 and 2023, *see* Dkt. No. 1 at 4, 7, 12, but the Court presumes that these references were typographical errors and that Plaintiff is referring to the January 6, 2021 attack on the United States Capitol.

*See id.* § 1391(b).  The Court will exercise its discretion and TRANSFER this action to the judicial district where defendant Trump resides, the Southern District of Florida.[2]

Accordingly, IT IS ORDERED that, in the interest of justice and pursuant to 28 U.S.C. § 1406(a), this action be TRANSFERRED to the United States District Court for the Southern District of Florida.  The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: 2/12/2024

THOMAS S. HIXSON
United States Magistrate Judge

---

[2] The Court's transfer of this action for lack of venue is non-dispositive and therefore within a magistrate judge's authority.  In a different context, the Ninth Circuit has held that a ruling that does "not dispose of any claims or defenses and [does] not effectively deny [the plaintiff] any ultimate relief sought" is non-dispositive and properly within a magistrate judge's authority pursuant to 28 § 636(b)(1)(A).  *See S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013) (motion to stay).  A transfer of venue does not address the merits of the parties' claims, dispose of any claims or defenses, or foreclose any relief sought; nor does the transfer terminate the case within the federal court system.  Instead, the transfer order simply results in the action being transferred to another district court.  Accordingly, a magistrate judge may transfer a case for improper venue.  *See, e.g., Gomes v. Mathis*, No. CV 17-7022 SVW (SS), 2019 WL 11720210, at *1 n.2 (C.D. Cal. Aug. 5, 2019) (collecting cases); *Gomes v. Silver State Mortg.*, No. C 09-2340 RS, 2009 WL 10674100, at *2 (N.D. Cal. July 28, 2009); *Paoa v. Marati*, No. CIV. 07-00370JMSLEK, 2007 WL 4563938, at *2 (D. Haw. Dec. 28, 2007).